IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STATE OF INDIANA, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> DOUG BURGUM, <br>Secretary of the Interior, *et al.*, <br><br> Respondents, <br><br> and <br><br> CITIZENS COAL COUNCIL, *et al.*, <br><br> Intervenor-Respondents. | Case No. 1:24-cv-01665 (RBW) <br><br> THE HON. REGGIE B. WALTON |

## FEDERAL RESPONDENTS' MOTION TO STAY THE CASE

Respondents—Doug Burgum, in his official capacity as Secretary of the Interior, the U.S. Department of the Interior, and Thomas D. Shope, exercising the delegated authority of the Director of OSMRE[1]—respectfully move to stay this case and vacate all briefing deadlines pending OSMRE's revision of the challenged agency rulemaking. Respondents request that the parties file joint status reports every 120 days to apprise the Court of any relevant regulatory developments and the parties' recommendations for next steps in light of any such developments. Respondents also request to file a joint status report within 14 days of any agency action or proposed agency action implicating the challenged rule.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Thomas D. Shope, Regional Director Interior Regions 1 & 2, in his official capacity as exercising the delegated authority of the Director, is automatically substituted for Sharon Bucino and Glenda Owens.

1

The parties have conferred on the proposed stay. Petitioners declined to consent to the proposed stay, stating that they "will review [Federal Respondents'] forthcoming motion and respond accordingly." Intervenors take no position on the proposed stay.

The Court has laid out the background of this case in its Memorandum Opinion denying Petitioners' Motion for a Preliminary Injunction, ECF No. 48. *See Indiana v. Haaland*, No. 1:24-cv-1665 (RBW), 2024 WL 5213401, at *1–2 (D.D.C. Dec. 24, 2024). Petitioners brought this case to challenge the regulation promulgated by the Department of the Interior ("Department") in 2024 to govern how OSMRE issues Ten Day Notices ("TDNs"). *See* Final Rule: Ten-Day Notices and Corrective Action for State Regulatory Program Issues, 89 Fed. Reg. 24714 (Apr. 9, 2024) (codified at 30 C.F.R. pts. 733 and 842) ("2024 TDN Rule"). The 2024 TDN Rule replaced the regulation promulgated by the Department in 2020 to govern how OSMRE issued TDNs. *See* Final Rule: Clarification of Provisions Related to the Issuance of TDN to State Regulatory Authorities and Enhancement of Corrective Action for State Regulatory Program Issues, 85 Fed. Reg. 75150 (Nov. 24, 2020) ("the 2020 TDN Rule").

**Procedural History**

Three of the four Intervenors in this case—Citizens Coal Council, Appalachian Voices, and Sierra Club—filed a lawsuit in 2021 challenging the 2020 TDN Rule. *See Citizens Coal Council v. Haaland*, No. 1:21-cv-195-RBW (D.D.C. filed Jan. 22, 2021). That case was never briefed. Instead, after receiving two extensions, the parties—the Secretary of the Interior, Citizens Coal Council, Appalachian Voices, and the Sierra Club—jointly moved to stay proceedings. No. 1:21-cv-195-RBW, ECF No. 13 (Nov. 30, 2021). The parties sought that stay on the grounds that OSMRE had announced its intention to re-examine the 2020 TDN Rule. *Id*. at 1–2. The Court granted that motion in part and denied it in part, vacating the deadlines and

setting a status conference. *Citizens Coal Council*, No. 1:21-cv-195-RBW, Minute Order (Dec. 6, 2021). Following two status conferences, the Court ordered the parties to submit a joint status report every 120 days describing the rulemaking process and to notify the Court with seven days of any public notice regarding the rulemaking process. ECF No. 14. The parties then filed joint status reports until the Secretary of the Interior notified the Court of the publication of the 2024 TDN Rule. *Citizens Coal Council*, No. 1:21-cv-195-RBW; ECF No. 24 (Apr. 12, 2024). With the partes' consent, the Court dismissed the case on April 18, 2024. Order, *Citizens Coal Council*, No. 21-cv-195-RBW, ECF No. 25.

On June 7, 2024, Petitioners filed their Petition for Review ("Petition") of the 2024 TDN Rule. ECF No. 1. On August 16, 2024, Petitioners filed their Motion for Stay/Preliminary Injunction. ECF No. 24. On October 31, 2024, Respondents answered the Petition, and, on November 15, 2024, they produced the Administrative Record. ECF Nos. 43, 44. Petitioners moved for summary judgment on December 17, 2024. ECF Nos. 45, 46.

On December 24, 2024, the Court issued a Memorandum Opinion, ECF No. 48, denying Petitioners' Motion for a Stay/Preliminary Injunction. *Indiana*, 2024 WL 5213401. On January 17, 2025, Federal Respondents filed their cross-motion for summary judgment. ECF No. 53. On January 24, 2025, Intervenors filed their cross-motion for summary judgment. ECF No. 54. Federal Respondents then moved for an extension of time to file further summary judgment pleadings on February 12, 2025, citing Executive Order 14154 and Secretary's Order 3418. ECF No. 56. The Court granted that motion. Minute order (Feb. 13, 2025). Though Respondents sought Petitioners' consent for voluntary dismissal or a stay, Petitioners nevertheless filed responsive pleadings on April 22, 2025. ECF No. 58. Respondents' reply brief is currently due on May 6, 2025.

**Standard of Review**

A district court possesses the inherent power to stay litigation incidental to its power to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *CEF Energia, B.V. v. Italian Republic*, No. 19-CV-3443 (KBJ), 2020 WL 4219786, at *5 (D.D.C. July 23, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The court must "weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties." *CEF Energia, B.V.*, No. 19-CV-3443 (KBJ), 2020 WL 4219786, at *5 (D.D.C. July 23, 2020) (quoting *Belize Soc. Dev. Ltd.*, 668 F.3d at 732–33 (D.C. Cir. 2012)).

**Argument**

On January 20, 2025, President Trump issued Executive Order 14154 titled *Unleashing American Energy*, 90 Fed. Reg. 8,353 (January 29, 2025). Section 3 of that Order directs agencies to review existing regulations to identify agency actions that impose "an undue burden on the identification, development, or use of domestic energy resources[.]" On February 3, 2025, Secretary Burgum issued Secretary's Order 3418, also titled *Unleashing American Energy*. *See* ECF No. 56-1. Section 4(b) of that Order directs agency officials to prepare an "action plan" that will include steps "to suspend, revise, or rescind . . . the [2024 TDN Rule]."

On April 8, 2025, President Trump issued Executive Order 14261 titled *Reinvigorating America's Beautiful Clean Coal Industry and Amending Executive Order 14241*, 90 Fed. Reg. 15517 (Apr. 8, 2025). That same day, the Department of the Interior issued the following statement in a press release.

> In accordance with Secretary's Order 3418, Unleashing American Energy, the Office of Surface Mining and Enforcement will undertake a rulemaking process to revise the Ten-Day Notice Rule of 2024 to largely revert to the 2020 version of the rule, while retaining certain portions of the 2024 rule. This rule making process will help reduce

4

> burdensome federal oversight and give more power to the states on how to handle complaints about coal mining violations. By removing some of federal overreach of the 2024 rule, the Department will trust states to do their jobs while avoiding unnecessary federal interference and providing stability to the coal industry.

U.S. Department of the Interior, April 8, 2025 Press Release

https://www.doi.gov/pressreleases/department-interior-moves-restore-coal-industry (last accessed on April 23, 2025).

In light of these developments, Respondents respectfully seek to stay the case. Courts routinely stay matters or hold proceedings in abeyance where an agency intends to revise a challenged rulemaking. See *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 553 (D.C. Cir. 2012); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012); *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962). Given that OSMRE intends to revise the 2024 TDN Rule, postponing review will "'protect[] the agenc[y] from judicial interference' in an ongoing decision-making process." *Am. Petroleum Inst.*, 683 F.3d at 386 (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967)). "Postponing review can also conserve judicial resources, and it 'comports with our theoretical role as the governmental branch of last resort.'" *Am. Petroleum Inst.*, 683 F.3d at 386–87 (quoting *Nat'l Treasury Emps. Union v. United States,* 101 F.3d 1423, 1431 (D.C. Cir.1996)).

A stay will also ensure that any litigation continuing before this Court will reflect the views of current agency leadership. Because new leadership at the Department of the Interior is revising the 2024 TDN Rule, a stay would serve the interests of justice and economy by providing those officials with the time necessary to familiarize themselves with the issues presented by the 2024 Rule, and the concerns raised by Petitioners, and determine how best to implement the current policies of the United States. By contrast, requiring Respondents to proceed with defending the 2024 TDN Rule on the current litigation schedule, while also

revising the same rule, would require inconsistent application of administrative resources and undermine the public interest in reasonable efficiency of agency operations. In short, staying the case will promote judicial economy, promote government efficiency, and protect the institutional separation between the executive and judicial branches.

Finally, short-term regulatory burdens on Petitioners attributable to the 2024 TDN Rule, if any, will not outweigh these institutional interests. *See Indiana*, 2024 WL 5213401 * 8–11 (holding that the Petitioners would not suffer irreparable harm during the pendency of the litigation absent a preliminary injunction). Indeed, as the stay would allow OSMRE to focus on revising the 2024 TDN Rule to "reduce burdensome federal oversight and give more power to the states on how to handle complaints about coal mining violations," the very concerns raised by Petitioners here, a stay is the most efficient and effective pathway to addressing Petitioners' concerns.

**Conclusion**

Respondents therefore move to stay the case and vacate all briefing deadlines pending their revision of the 2024 TDN Rule. Respondents request that the parties file joint status reports every 120 days to apprise the Court of any relevant regulatory developments and the parties' recommendations for next steps in light of any such developments. Respondents also request to file a joint status report within 14 days of any agency action or proposed agency action implicating the challenged rule.

A proposed order is submitted herewith.

Respectfully submitted this 30th day of April 2025.

        ADAM R.F. GUSTAFSON
        Acting Assistant Attorney General
        Environment and Natural Resources Division

/s/ *Erik Van de Stouwe*
PAUL TURCKE
ERIK VAN DE STOUWE
Trial Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
4 Constitution Square
150 M Street, N.E., Suite 3.206
Washington, D.C. 20002
Paul.Turcke@usdoj.gov
Erik.Van.de.Stouwe@usdoj.gov
Phone: (202) 532-5994 (Turcke)
          (202) 305-0247 (Van de Stouwe)

Attorneys of Record for Respondents